# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ACI/BOLAND, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:07cv0378 TCM |
| ) | |
| U.S. SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on defendant U.S. Specialty Insurance Company's motion for costs pursuant to 28 U.S.C. § 1920. [Doc. 75] Specifically, Defendant requests $4,272.95 for the costs of five depositions and $225.00 for the costs of serving process. Defendant does not attach any supporting documentation, but simply states that "[i]nvoices are available to counsel on request." Plaintiff has not filed any objections to Defendant's bill of costs.

A district court has considerable discretion in awarding costs. **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 762 (8th Cir. 2006); **Computrol, Inc. v. Newtrend, L.P.**, 203 F.3d 1064, 1072 (8th Cir. 2000). And, although a prevailing party is presumptively entitled to recover costs allowed by § 1920, **In re Derailment Cases**, 417 F.3d 840, 844 (8th Cir. 2005), the submitted bill of costs should always be given careful scrutiny, **Koppinger v. Cullin-Schiltz and Assocs.**, 513 F.2d 901, 911 (8th Cir. 1975).

Local Rule 8.03 of the United States District Court for the Eastern District of Missouri mandates that a party seeking an award of costs file a verified bill of costs no later than

twenty days after entry of final judgment.  E.D.Mo. L.R. 8.03 ("A party seeking an award of costs *shall* file a verified bill of costs . . . no later than twenty (20) days").  "Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs."  **Id.**  Final judgment was entered in this case on January 14, 2009.  A bill of costs was due on or before February 3, 2009.  The pending bill of costs was filed ten days too late.  Additionally, reviewing Defendant's bill of costs, the Court cannot tell if the listed depositions were "necessarily obtained for use in the case," as required by § 1920(f), or if the costs for service of process are for a special process server, a cost that is not provided for in § 1920, see **Crues v. KFC Corp.**, 768 F.2d 230, 234 (8th Cir. 1985).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of U.S. Specialty Insurance Company for costs is **DENIED**. [Doc. 75]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  5th  day of  March, 2009.